UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
JUL 0 1 2009

******************************************************************

|  |  |  |
|---|---|---|
| ROGER D. KOOIMA, d/b/a/ TRIPLE K INDUSTRIES, | * * * * | CIV 01-4078 |
| Plaintiff, | * * |  |
| -vs- | * * | MEMORANDUM OPINION AND ORDER REGARDING |
| ZACKLIFT INTERNATIONAL, INC., | * * | CONTEMPT MOTION |
| Defendants. | * * |  |

******************************************************************

Pending before the Court is Plaintiff's Motion to Show Cause and for Contempt Order, doc. 156. For the following reasons, the motion will be denied.

## BACKGROUND

Plaintiff Roger D. Kooima, d/b/a Triple K Industries ("Kooima") owns two patents on systems he invented for attaching a towing apparatus to a road tractor, U.S. Patent No. 5,823,735 ("the '735 patent") and U.S. Patent No. 6,036,428 ("the '428 patent"). The patented devices allow a semi, absent its trailer, to be hooked up with a tow under-lift in order to tow vehicles. Defendant Zacklift International, Inc, ("Zacklift") manufactures and sells Fifth-Wheel truck lifts. In 2001, Kooima brought this patent infringement action against Zacklift asserting that the Zacklift "Fifth-Wheeler" truck lifts infringed numerous claims in both of his patents. Before the Court ruled on the motions for summary judgment, the parties settled the case and filed a Stipulation for Entry of Order and Decree on December 23, 2002, doc. 151. The stipulated Order and Decree, doc. 152, acknowledged that Kooima's patents were not invalid, admitted that the Zacklift Fifth Wheeler infringed on the patents, and enjoined Zacklift from manufacturing and selling any product embodying the inventions of Kooima's patents, including the Zacklift Fifth Wheeler. The parties did not explain what claims of the patent were infringed by the original device, so those issues have not been adjudicated. As part of the settlement, Kooima agreed that

Zacklift could make a different Fifth Wheel unit represented by a drawing attached to the Agreement. That unit is not at issue.

In 2008, Zacklift re-designed its Fifth Wheeler. Kooima informed Zacklift that the new Fifth Wheeler infringed on his patents. Zacklift disagreed and filed a declaratory judgment suit in federal district court in the State of Washington, seeking a declaration that the re-designed Zacklift Fifth Wheeler does not infringe on the Kooima patents. Kooima then filed the pending motion for contempt. The district court in Washington transferred Zacklift's declaratory judgment action to this Court. See CIV 08-4161.

## DISCUSSION

The first question is whether a contempt proceeding is the correct proceeding for adjudicating the infringement issues regarding Zacklift's re-designed Fifth Wheeler, or if it would be more appropriate to decide the issues in separate litigation. The Federal Circuit has summarized the test for determining which type of proceeding should be pursued as follows:

> Before entering a finding of contempt of an injunction in a patent infringement case, a district court must address two separate questions. The first is whether a contempt hearing is an appropriate forum in which to determine whether a redesigned device infringes, or whether the issue of infringement should be resolved in a separate infringement action. That decision turns on a comparison between the original infringing product and the redesigned device. If the differences are such that "substantial open issues" of infringement are raised by the new device, then contempt proceedings are inappropriate. If contempt proceedings are appropriate, the second question the district court must resolve is whether the new accused device infringes the claims of the patent. Within those general constraints, the district court has broad discretion to determine how best to enforce its injunctive decrees.

*Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1349 (Fed. Cir. 1998) (internal citations omitted). "[C]ontempt proceedings, civil or criminal, are available only with respect to devices previously admitted or adjudged to infringe, and to other devices which are no more than colorably different therefrom and which clearly are infringements of the patent." *KSM Fastening Systems, Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 1526 (Fed. Cir. 1985). The presence or absence of substantial disputed issues determines whether the newly accused device is more than "colorably" different:

> [A]ll subsequent constructions by a convicted infringer are not triable in contempt proceedings. Only where such constructions are merely "colorably" different from the enjoined device or from the patent is the issue so triable. Such constructions may turn out

2

to be infringements, but if they are more than "colorably" different, the issue of infringement must be otherwise determined than by a contempt proceeding .... Where the alteration in the device is "merely colorable" and obviously was made for the purpose of evading the decree without essential change in the nature of the device, the courts will try the question of infringement by the new device in proceedings for contempt for violation of the injunction. But where infringement by the new device is not clear on the face of the matter, and there are substantial issues for the determination of the court, the plaintiff may not have them determined in contempt proceedings....

*KSM*, 776 F.2d at 1530-31 (quoting *American Foundry & Mfg. Co. v. Josam Mfg. Co.*, 79 F.2d 116, 117-18 (8th Cir. 1935).

**Comparison Between the Original Infringing Fifth Wheeler and the Redesigned Product**

Deciding the infringement issues in a summary contempt proceeding is inappropriate if the redesigned Fifth Wheeler is more than colorably different from the infringing Fifth Wheeler. Kooima contends the redesigned Fifth Wheeler is nothing more than a colorable variation of what was earlier found to infringe. Zacklift argues there are two substantial changes in the redesigned Fifth Wheeler: 1) link members that are not vertically aligned; and 2) a beam design rather than a rectangular frame, with the kingpin mounted in the middle of the beam, not at the end. No expert opinions have been submitted, but the parties provided the Court with photographs and drawings of the two devices and these have allowed the Court to compare Zacklift's infringing Fifth Wheeler with the redesign.

"Link members" refer to the link between the mounting frame and the truck frame. Zacklift's infringing Fifth Wheeler had fully vertical turnbuckle link members, one end of which attached to the rectangular mounting frame and the other end to the truck frame. Although the redesigned Fifth Wheeler has vertical rods, they are just one part of the link members. One end of the vertical rods attaches to the truck frame, and a Y-branch leads off each vertical rod. The Y-branches connect to horizontal rods which in turn attach to the mounting frame. Kooima argues that adding the Y-branch was an irrelevant change in the design of the link members. Zacklift contends that this is a critical difference relating both to the patentability and validity of Kooima's patents. The structural change does not appear to alter the function of the link members on the two devices. On the record before the Court, however, the Court cannot determine that the newly designed link members do not substantially change the Fifth Wheeler so that it does not infringe on Kooima's patents.

3

The beam design and the location of the kingpin also differentiate the newly designed Fifth Wheeler from the infringing Fifth Wheeler. The infringing Fifth Wheeler has a rectangular frame and the kingpin is located on the forward end of the infringing rectangular frame. The new design has a beam frame with the kingpin in the middle. Kooima does not contest these differences between the two devices, but argues that the devices are similar because the kingpin attaches at the same place in both devices. *See* Doc. 174 at p. 9 ("Both kingpins attach the frame to the Fifth Wheel plate at the same locations, which is opposite the attachment to the underlift. . . ."). Zacklift asserts that these aspects of the new Fifth Wheeler differ not only from the infringing device, but are structurally and mechanically distinguishable from the claims in Kooima's patents. After reviewing the evidence submitted in this case, the Court cannot say that these differences in the structure of the Fifth Wheeler are only colorable. Nor can the Court determine if the redesign substantially changes the Fifth Wheeler so that it does not infringe upon Kooima's patents.

Because it cannot be said with certainty that the differences between the infringing Fifth Wheeler and the redesigned Fifth Wheeler are merely colorable, contempt proceedings are inappropriate for determining whether Zacklift's redesigned Fifth Wheeler infringes the claims in Kooima's patents and is subject to the injunction in the Order and Decree. The infringement issues must instead be tried through full litigation. Accordingly,

> IT IS ORDERED that Plaintiff's Motion to Show Cause and For Contempt Order, doc. 156, is denied.

Dated this 30th day of June, 2009.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Colleen Schulte
     DEPUTY
(SEAL)

4